THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HYGRADE FOOD PRODUCTS, INC., Appellant. (Appeal No. 1.) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HYGRADE FOOD PRODUCTS, INC., Appellant. (Appeal No. 2.) — [Appeal No. 1.] Judgment by a city magistrate, sitting as a Court of Special Sessions of the City of New York, Borough of Brooklyn [Municipal Term], convicting defendant of a violation of section 140-a of the Sanitary Code of the City of New York (adulterated meats), unanimously affirmed. No opinion. [Appeal No. 2.] Judgment by a city magistrate, sitting as a Court of Special Sessions of the City of New York, Borough of Brooklyn [Municipal Term], convicting defendant of a violation of section 163 of the Sanitary Code of the City of New York (possession of unwholesome meat), unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

AGNES SHOARD and ALFRED SHOARD, Appellants, v. NEW YORK RAPID TRANSIT CORPORATION, Respondent.— Action for damages for personal injuries suffered by the plaintiff wife as a consequence of falling down a staircase connected with the defendant's railroad and companion action of the husband for loss of services and expenses. Judgment entered upon a verdict in favor of the defendant unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

IDA SILVERSTEIN, Formerly IDA RACHMAN, Individually and as Administratrix, etc., of LOUIS RACHMAN, Deceased, Respondent, v. ISRAEL RACHMAN, Appellant.— Action to recover (1) $11,950, being the balance of purchase price of corporate stock, and (2) seventy-five dollars, being twenty-five dollars per week for three weeks, each cause being based on provisions of a written agreement which was modified by a subsequent written agreement between plaintiff and defendant, each of which agreements related to the sale of said stock by plaintiff to defendant. The defendant pleaded usury in the transaction by way of affirmative defense and also as the basis of a counterclaim for recovery from plaintiff of the moneys paid to the latter, pursuant to the provisions of the agreements. Upon the trial of the issues before the court and a jury the court directed a verdict in favor of plaintiff for the aggregate amount claimed in both causes of action and dismissed the counterclaim. From the judgment thereon entered defendant appeals. Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. The learned trial justice erred in directing a verdict and in dismissing the counterclaim. The evidence presented a question of fact whether the payments of twenty-five dollars per week, as provided in the agreements, constituted illegal interest on the agreed purchase price. The trial justice also erred in excluding the proof offered by the defendant at folios 265–268, being the accountant's proposed testimony as to negotiations between the parties for the sale of the stock, including a claimed exaction by plaintiff from defendant of the sum of twenty-five dollars per week in lieu of interest on the purchase price. Hagarty, Carswell, Adel, Taylor and Close, JJ., concur.